UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCO TECHNOLOGIES, LLC, | Case No. 19-CV-2323 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| KEITH MIDKIFF and DAN URZENDOWSKI, | |
| Defendants. | |

Neil S. Goldsmith and Dean A. LeDoux, GRAY PLANT MOOTY, for plaintiff.

John Pavelko and Pamela Abbate-Dattilo, FREDRIKSON & BYRON, P.A., for defendant Keith Midkiff.

This matter is before the Court on the motion of defendant Keith Midkiff to dissolve the temporary injunction entered against him by a state court before this action was removed to federal court. The Court held a hearing on Midkiff's motion on September 11, 2019. For the reasons stated on the record at that hearing and briefly summarized below, Midkiff's motion is granted and the temporary injunction is dissolved.

After a case is removed to federal court, the case is governed by the Federal Rules of Civil Procedure. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438 (1974) (citing Fed. R. Civ. P. 81(c)). Accordingly, any preliminary injunction issued by the state court prior to removal must be dissolved

by the federal court unless the injunction satisfies the requirements of Fed. R. Civ. P. 65. The preliminary injunction[1] entered against Midkiff by the state court fails to meet at least three of Rule 65's requirements:

*First*, Midkiff received neither meaningful notice nor an opportunity to be heard before the preliminary injunction was entered against him. Under Rule 65(a)(1), a preliminary injunction may be issued "only on notice to the adverse party." To be effective, notice must be given "at a meaningful time and in a meaningful manner." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (discussing the notice requirement in the context of procedural due process). As the Supreme Court has explained, Rule 65(a)(1)'s notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc.*, 415 U.S. at 432 n.7.

Here, plaintiff Marco Technologies, LLC ("Marco") filed its complaint at 5:27 pm on Wednesday, August 14, 2019. ECF No. 2-1. At the same time, Marco filed a notice of motion and motion for a temporary injunction against Midkiff, along with supporting papers. ECF No. 8-1. Midkiff first learned of Marco's motion when it was served on him (along with the summons, complaint, and supporting papers) at 6:29 pm on Thursday, August 15, 2019. ECF No. 9 at ¶ 3. The state court issued the preliminary

---

[1] A "temporary injunction" under Minn. R. Civ. P. 65.02 is the equivalent of a "preliminary injunction" under Fed. R. Civ. P. 65.

injunction at 12:23 pm the following day, ECF No. 8-1 at 43, without ever giving Midkiff a chance to respond to Marco's motion. Clearly, Midkiff did not receive meaningful notice of Marco's motion, nor did he receive *any* opportunity—much less a fair opportunity—to oppose that motion.[2] "If a non-movant is not given proper notice, the preliminary injunction should be set aside even if there were no other ground for doing so." *Corp. Synergies Grp., LLC v. Anderws*, No. 18-3246, 2019 U.S. App. LEXIS 17104, at *10, __ F. App'x __ (3d Cir. June 4, 2019) (citation omitted).

*Second*, Rule 65(d)(1) requires that "[e]very order granting an injunction . . . must state the reasons why it issued." Here, the state court provided no explanation whatsoever for why it enjoined Midkiff, stating only that the injunction was based on the record. ECF No. 8-1 at 43. It appears that the state court simply signed an order that had been drafted by Marco's attorneys.

*Finally*, Rule 65(c) provides that a preliminary injunction may issue "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." True, "[t]he amount of the bond rests within the sound discretion of the trial court." *Stockslager v. Carroll Elec. Coop. Corp.*, 528 F.2d 949, 951 (8th Cir. 1976). But

---

[2]This was not Marco's fault. Marco's attorneys attempted to schedule a hearing at which Midkiff could respond to the motion. Inexplicably, however, the state court abruptly entered the order without providing a chance for Midkiff to be heard. ECF No. 16 at ¶¶ 3-5.

the security requirement may be waived altogether only "where the defendant has not objected to the failure to require a bond or where the damages resulting from a wrongful issuance of an injunction have not been shown." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016) (citations omitted). Here, Midkiff will clearly suffer damages (in the form of lost income) if he is wrongfully enjoined, and, had he been given a chance to object to the failure to require a bond, he would have done so.

For all of these reasons, the preliminary injunction entered by the state court against Midkiff does not meet the requirements of Rule 65 and therefore must be dissolved.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Keith Midkiff's motion to dissolve the temporary injunction [ECF No. 5] is GRANTED and the injunction is DISSOLVED.

Dated: September 11, 2019
s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge