UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCO TECHNOLOGIES, LLC, | Case No. 19-CV-2323 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| KEITH MIDKIFF, DAN URZENDOWSKI, and HEARTLAND BUSINESS SYSTEMS, LLC, | |
| Defendants. | |

Neil S. Goldsmith, Dion Farganis, and Dean A. LeDoux, LATHROP GPM LLP, for plaintiff.

Pamela Abbate-Dattilo and John Pavelko, FREDRIKSON & BYRON, P.A., for defendants.

Plaintiff Marco Technologies, LLC ("Marco") brought suit against two of its former employees—defendants Keith Midkiff and Dan Urzendowski—alleging breach of contract (specifically, breach of restrictive covenants), breach of fiduciary duties, and tortious interference with contract. ECF Nos. 1, 54. Both Midkiff and Urzendowski terminated their employment with Marco in the summer of 2019 and immediately went to work for one of Marco's competitors, defendant Heartland Business Systems, LLC ("Heartland"). ECF No. 54 ¶¶ 27–41. Marco later amended its complaint to add Heartland as a defendant. *Id.* ¶¶ 75–80. This matter is before the Court on the objection of Midkiff, Urzendowski, and Heartland (collectively, "defendants") to the June 4, 2020 order of Magistrate Judge Leo I. Brisbois. ECF No. 77. In that order, Judge Brisbois

granted in part and denied in part defendants' motion to compel discovery.  ECF No. 76.

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential."  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).  Such an order should not be reversed unless it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Having reviewed Judge Brisbois's order and the parties' submissions, the Court affirms the order in all respects save one:  The Court remands the matter to Judge Brisbois so that he can explain his reasons for denying defendants' motion to compel a response to Request No. 10 of defendants' first request for production of documents.

Defendants object to two aspects of the June 4 order.  First, defendants argue that Judge Brisbois erred in denying their motion to compel discovery with respect to whether Marco engineers are subject to restrictive covenants.  Defendants urge that such discovery is relevant to their argument that the restrictive covenants Midkiff and Urzendowski were required to sign do not serve a legitimate business interest.  ECF No. 77 at 12.  As Judge Brisbois points out, however, Midkiff and Urzendowski are not engineers; they work in sales.  ECF No. 54 ¶¶ 21–22.  Defendants argue that discovery might show that Marco engineers and Marco sales representatives are privy to the same types of confidential information and have similar levels of customer interaction.  ECF No. 77 at 13.  But even so, there are legitimate reasons why a company might require its

sales representatives to sign non-compete agreements, without requiring its engineers to submit to the same restrictions. Given that this information appears to have little probative value, Judge Brisbois's denial of discovery on this issue was neither clearly erroneous nor contrary to law, and is therefore affirmed.

Defendants next object to the denial of their motion to compel Marco to produce documents related to certain customer-service complaints. First, defendants seek an order compelling Marco to produce all documents related to "complaints or concerns raised by Urzendowski and Midkiff with Marco regarding customer service, customer satisfaction, or similar customer issues," including concerns regarding staffing and the availability of engineers. ECF No. 76 at 10. This is labeled as "Request No. 7" in defendants' first request for production of documents. *Id*. Second, defendants seek an order compelling Marco to produce all documents related to "complaints or concerns raised by any of Midkiff's or Urzendowski's customers from January 2017 to the present," including concerns regarding engineer support. *Id.* at 11. This is labeled as "Request No. 10" in defendants' first request for production of documents. *Id*. Defendants contend that both sets of documents are relevant to show that former Marco customers who ceased doing business with Marco did so not because Midkiff and Urzendowski breached their restrictive covenants, but because Marco provided inadequate customer service.

Judge Brisbois denied both requests, finding that defendants failed to make a threshold showing of relevance. *Id.* at 15. Judge Brisbois acknowledged that Marco's "alleged damages arise from any profits that it lost when its customers left as a direct result of [Midkiff's] and Urzendowski's alleged breach of their non-compete agreements." *Id.* at 12. If Marco's customers left for any reason other than the alleged breaches, "then [Marco] cannot establish damages." *Id.* at 13 (citing *Hansen v. N'compass Sols. Inc.*, No. A14-0869, 2015 WL 1514010, at *7 (Minn. Ct. App. Apr. 6, 2015)).

Judge Brisbois went on to deny defendants' motion to compel a response to both Request No. 7 and Request No. 10. Judge Brisbois explained that "the subjective motivations of a given customer cannot be revealed by any unrelated complaints or concerns regarding customer service . . . raised internally as part of [Marco's] operations by Midkiff [or] Urzendowski." *Id.* Therefore, Judge Brisbois said, "such information is not relevant to [Midkiff's] and Urzendowski's defense that their alleged breach of their non-compete . . . agreements did not cause Plaintiff's damages." *Id.*

This is an adequate explanation for Judge Brisbois's decision to deny defendants' motion to compel a response to Request No. 7. Putting aside the fact that Midkiff and Urzendowski are seeking discovery about *their own complaints*—information to which they are already privy—evidence of complaints made by Midkiff and Urzendowski has only a tangential relationship to the reasons why specific Marco customers took their business to Heartland (or elsewhere). Given the extremely deferential standard of

review, and weighing all of the Rule 26(b)(1) factors, the Court cannot say that Judge Brisbois clearly erred in refusing to compel a response to Request No. 7.

Unfortunately, however, the June 4 order does not explain why Judge Brisbois refused to compel a response to Request No. 10, which sought documents related to "complaints or concerns raised by any of Midkiff's or Urzendowski's customers from January 2017 to the present."[1]  As the June 4 order recognizes, the motivations of a given customer for ceasing to do business with Marco are crucial to defendants' causation defense.  ECF No. 76 at 12–13.  Complaints lodged by Midkiff's and Urzendowski's customers—at least the ones who followed them to Heartland—would

---

[1] Defendants' motion sought to compel responses to five requests for production of documents related to customer-service complaints:  Request No. 5 sought documents related to cost-saving measures adopted by Marco; Request No. 7 sought documents related to concerns raised by Urzendowski and Midkiff with Marco related to customer service or similar issues; Request No. 8 sought documents related to concerns raised by *any* Marco employee related to customer service or similar issues; Request No. 9 sought documents related to complaints or concerns raised by *any* Marco customer from January 2017 to present; and Request No. 10 sought documents related to complaints or concerns raised by Midkiff's or Urzendowski's customers from January 2017 to present.

The June 4 order addresses Request No. 5 ("[T]he subjective motivations of a given customer for ceasing to do business with Plaintiff cannot be revealed by any unrelated internal restructuring and/or cost-saving measures taken by Plaintiff."), Request Nos. 7 and 8 ("[T]he subjective motivations of a given customer cannot be revealed by any unrelated complaints or concerns . . . raised internally . . . by Midkiff, Urzendowski, or Plaintiff's other employees."), and Request No. 9 ("Nor can the subjective motivations of a given customer . . . be revealed by the unrelated complaints or concerns regarding customer service . . . raised by any of Plaintiff's other customers who did not have contact with Midkiff and Urzendowski.").  ECF No. 76 at 13.  The analysis ends without addressing Request No. 10.

thus seem to be relevant. It is true, as Judge Brisbois said, that "the motivations for why a given customer changed vendors are subjective, and . . . can be derived directly from that customer through depositions or other non-party discovery." *Id.* 13. But that does not mean that this information *must* be derived "through depositions or other non-party discovery," nor does it mean that the documents produced in response to Request No. 10 would not have independent value. Perhaps Judge Brisbois disagrees, or perhaps he concluded that, even though the information is relevant, he would not compel Marco to produce the information in light of the other Rule 26(b)(1) factors. Without an explanation, though, this Court is unable to conduct a meaningful review.

The Court therefore adopts the June 4 order with the exception of the denial of defendants' motion to compel a response to Request No. 10. The Court remands that issue to Judge Brisbois for further consideration.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' objection [ECF No. 77] to the June 4, 2020 order of Magistrate Judge Leo I. Brisbois is SUSTAINED IN PART and OVERRULED IN PART.

2. Judge Brisbois's order [ECF No. 76] is VACATED and REMANDED with respect to the denial of defendants' motion to compel a response to Request No. 10 of defendants' first request for production of documents.

3. Judge Brisbois's order [ECF No. 76] is AFFIRMED in all other respects.

Dated: August 3, 2020          s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge