UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCO TECHNOLOGIES, LLC, | Case No. 19-CV-2323 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| KEITH MIDKIFF, DAN URZENDOWSKI, and HEARTLAND BUSINESS SYSTEMS, LLC, | |
| Defendants. | |

Neil S. Goldsmith, Dion Farganis, and Dean A. LeDoux, LATHROP GPM LLP, for plaintiff.

John Pavelko, Pamela Abbate-Dattilo, and Lukas Boehning, FREDRIKSON & BYRON, P.A., for defendants.

This matter is before the Court on the objection of plaintiff Marco Technologies, LLC ("Marco") to the December 7, 2020 order of Magistrate Judge Leo I. Brisbois. ECF No. 293. In a 47-page order, Judge Brisbois granted in part and denied in part Marco's second motion to compel discovery. ECF No. 291. Marco filed a "limited objection" to this order, arguing only that Judge Brisbois exceeded his authority by interpreting a contract and thereby limiting the scope of the damages available to Marco. ECF No. 293 at 1. For the reasons that follow, Marco's objection is overruled and Judge Brisbois's order is affirmed.

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Roble v. Celestica Corp.*, 627

F. Supp. 2d 1008, 1014 (D. Minn. 2007).  Such an order should be reversed only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A decision is 'contrary to law' when it fails to apply (or misapplies) relevant statutes, case law, or rules of procedure."  *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010).

Marco alleges, among other things, that defendants Keith Midkiff and Dan Urzendowski breached their non-compete agreements with Marco by going to work for defendant Heartland Business Systems, LLC ("Heartland") and soliciting customers of Marco.  *See* ECF No. 54.  In its second motion to compel discovery, Marco seeks an order requiring defendants to provide information about "in-progress, but not yet submitted" proposals that Heartland is preparing for customers that Midkiff and Urzendowski worked with while they were employed by Marco.  ECF No. 214 at 17–18.  Judge Brisbois ruled that defendants must produce the requested information (along with associated revenue forecasts requested by Marco), but only with respect to customers that Heartland first contacted during the one-year non-compete period.  ECF No. 291 at 28–29.  Judge Brisbois acknowledged that an "extension clause" in Midkiff's and

Urzendowski's non-compete agreements purports to extend the one-year non-compete period in the event of a breach. *Id*. at 29 n.15. Judge Brisbois found, however, that "the only reasonable way to interpret the extension clause is as . . . extend[ing] the non-compete agreement's effective period only in relation to those customers with whom a breach had already occurred, otherwise the restraint period would be for an indefinite amount of time." *Id*.

Marco notes that it "disagrees with the Magistrate's reasoning and conclusion" regarding the scope of the extension clause, but Marco otherwise declines to address Judge Brisbois's interpretation on the merits. ECF No. 293 at 6 n.2. Instead, Marco argues that Judge Brisbois's ruling must be overturned because Judge Brisbois had authority only to address nondispositive issues, and Judge Brisbois exceeded that authority when he interpreted the extension clause and thereby limited the damages that Marco may recover in this action.

Marco's objection is puzzling. Every time a magistrate judge is asked to rule on a discovery dispute, the magistrate judge must determine whether a discovery request relates to "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Magistrate judges necessarily must reach legal conclusions in deciding what is or is not "relevant" to a claim or defense.[1] In this case,

---

[1] *See, e.g., United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 6799795 (D. Minn. Dec. 13, 2019) (affirming magistrate judge's discovery order over government's objection that the order misconstrued the

for example, it is difficult to fathom how Judge Brisbois could determine whether a discovery request is "relevant" to Marco's breach-of-contract claims without interpreting the contracts that Marco claims were breached.

Judge Brisbois's order did not dispose of any claim or defense and did not in any way limit the damages that Marco can seek to recover. Instead, Judge Brisbois's order merely resolved discovery disputes. Although Judge Brisbois interpreted the extension clause in order to determine whether Marco sought information relevant to its breach-of-contract claim, Judge Brisbois's interpretation of the extension clause—which, had it been challenged on the merits, would be subject to a highly deferential standard of review—is not binding on this Court. *See Gander Mountain Co. v. Cabela's Inc.*, No. 04-CV-3125 (PJS/RLE), 2007 WL 2026751, at *8 (D. Minn. July 10, 2007) ("As Cabela's knows, an order issued by a magistrate judge on a discovery dispute is reviewed under an extremely deferential standard. . . . Cabela's could not have assumed that this Court was deciding the central issue in this litigation in the context of a review of a discovery order, based on the abbreviated filings of the parties[.]"). Should this Court later

---

relevant statutory causation standard); *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, 167 F. Supp. 3d 1018 (D. Minn. 2016) (reviewing legal conclusions concerning third-party standing and First Amendment interests in magistrate judge's order on motion to compel).

disagree with Judge Brisbois's interpretation, Marco may seek appropriate relief (including the opportunity to reopen discovery) at that time.[2]

Because Marco's only objection to Judge Brisbois's ruling is that he exceeded his authority by addressing a dispositive issue—and because Marco is clearly incorrect—the Court overrules Marco's objection and affirms Judge Brisbois's order.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's objection [ECF No. 293] is OVERRULED and the December 7, 2020 order of Magistrate Judge Leo I. Brisbois [ECF No. 291] is AFFIRMED.

Dated:  January 7, 2021                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge

---

[2]It does not appear that any such relief would be necessary.  Defendants have represented that they "are not aware of any in-progress proposals with a Disputed Customer with whom the initial contact occurred after Midkiff and Urzendowski's non-compete agreement expired."  ECF 295 at 6.  Given defendants' representation, the Court does not understand why this dispute was not resolved in the meet-and-confer process.