UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCO TECHNOLOGIES, LLC, | Case No. 19-CV-2323 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| KEITH MIDKIFF, DAN URZENDOWSKI, and HEARTLAND BUSINESS SYSTEMS, LLC, | |
| Defendants. | |

Neil S. Goldsmith, Dion Farganis, and Dean A. LeDoux, LATHROP GPM LLP, for plaintiff.

John Pavelko, Pamela Abbate-Dattilo, and Lukas Boehning, FREDRIKSON & BYRON, P.A., for defendants.

Plaintiff Marco Technologies, LLC ("Marco") filed suit against defendants Keith Midkiff and Dan Urzendowski in state court on August 14, 2019 alleging various state-law claims. ECF No. 2-1 at 3–17. Defendants removed the case to federal court on August 22, 2019 based on the diversity of the parties and the amount in controversy. ECF No. 2 (citing 28 U.S.C. § 1332). The notice of removal asserted that Marco's sole member is a Minnesota corporation, that Midkiff is a citizen of Iowa, and that Urzendowski is a citizen of Nebraska. ECF No. 2 ¶¶ 11–13.

Marco filed an amended complaint on February 26, 2020, adding defendant Heartland Business Systems, LLC ("Heartland"). ECF No. 54. Heartland's sole member is a Wisconsin corporation. ECF No. 346. The amended complaint does not allege any

federal causes of action.  Following long and highly contentious discovery, defendants moved for summary judgment.  ECF No. 320.  Prior to the hearing on that motion and in response to an inquiry from the Court, counsel for Marco disclosed that Marco's sole member is not a Minnesota corporation, as the notice of removal stated.  ECF No. 347. Rather, Marco has many members and sub-members, among which are citizens of Wisconsin, Nebraska, and Iowa.  ECF No. 350.  All parties now agree that the parties are not diverse and that this Court has never had subject-matter jurisdiction over this case. *See* ECF Nos. 351, 352.  The parties disagree, however, as to whether this case should be dismissed or instead remanded to state court.

Section § 1447(c) of title 28 of the United States Code provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case that originated in state court, "the case shall be remanded." Defendants nonetheless argue that dismissal rather than remand is appropriate because Marco filed an amended complaint in federal court after the case was removed. According to defendants, the amended complaint rendered the original state-court complaint a nullity, and the Court should now proceed as though this case had been originally filed in federal, rather than state court.[1]

---

[1] Defendants cite *In re Atlas Van Lines, Inc.*, 209 F.3d 1064 (8th Cir. 2000) (affirming remand order where, although amended complaint asserted a federal cause of action, the filing of the amended complaint was involuntary); *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800 (8th Cir. 2013) (affirming denial of motion to remand where district court evaluated subject-matter jurisdiction on the face of the amended complaint); and

Defendants' argument is foreclosed by *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025 (8th Cir. 2014). In that case, as in this one, plaintiffs filed an amended complaint in federal court after the case was removed from state court. The district court granted defendants' motion to dismiss the amended complaint, finding that the First Amendment stripped the federal courts of subject-matter jurisdiction over plaintiffs' claims. *Id.* at 1028–29. On appeal, the Eighth Circuit vacated the dismissal, held that plaintiffs lacked Article III standing, and because the case had originated in state court, instructed the district court to remand rather than dismiss the case (citing § 1447(c)). *Id.* at 1027. *Wallace* unambiguously holds that where a district court lacks subject-matter jurisdiction over a removed case, remand rather than dismissal is required, even if the plaintiff filed an amended complaint in federal court after the case was removed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This matter is REMANDED to the Minnesota District Court, Seventh Judicial District.

---

*Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179 (7th Cir. 1984) (affirming denial of motion to remand where amended complaint asserted federal claim) in support. These cases do not stand for the proposition that a removed case should be dismissed rather than remanded upon a finding that the district court lacks subject-matter jurisdiction if an amended complaint was filed after the case was removed.

2. Defendants' renewed motion for summary judgment [ECF No. 320] is

   DENIED AS MOOT.

Dated: April 22, 2021             s/Patrick J. Schiltz
                                                            Patrick J. Schiltz
                                                            United States District Judge